# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**KEITH ANTHONY KIEL**                                        **PETITIONER**

**v.**                              **Criminal Nos. 1:13CR51-LG-RHW-2;**
**1:14CR1-LG-JCG-2; and 1:14CR42-LG-RHW-1**

**Civil Action Nos. 1:21CV197-LG;**
**1:21CV198-LG; and 1:21CV199-LG**

**UNITED STATES OF AMERICA**                                  **RESPONDENT**

## ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE

**BEFORE THE COURT** is the [214] Motion to Vacate, Set Aside, or Correct

Sentence Pursuant to 28 U.S.C. § 2255 filed by defendant, Keith Anthony Kiel,

under Docket No. 1:13-cr-51.  After reviewing the Motion, the record in this matter,

and the applicable law, the Court finds that Kiel's Motion should be dismissed as a

successive petition.  Kiel's duplicative [151] Motion under Docket No. 1:14-cr-1 and

his [59] Motion under 1:14-cr-42 is further denied.

## DISCUSSION

From May 2008 through May 2013, Kiel, alongside other co-defendants,

committed a series of bank robberies in Mississippi, Alabama, and Florida.  Kiel

was indicted under Docket Nos. 1:13-cr-51, 1:14-cr-1, and 1:14-cr-42.  By motion of

the parties, the Court consolidated the three cases for trial.  (*See* Gov't's Mot. to

Consolidate, ECF No. 54; *see also* Pet.'s Mot. to Consolidate, ECF No. 80).  At the

1

conclusion of a jury trial on July 14, 2014, the jury convicted Kiel of bank robbery, brandishing a firearm during a violent felony, interstate transportation of stolen vehicles, and conspiracy to commit those acts.  This Court sentenced Kiel to a term of imprisonment of 804 months, or 67 years, and ordered restitution in the amount of $205,012.  Kiel appealed his conviction, which the Fifth Circuit affirmed on August 4, 2016.  *See United States v. Kiel*, 658 F. App'x 701 (5th Cir. 2016).  Thereafter, Kiel petitioned the Supreme Court for a writ of certiorari, which the Court denied on January 9, 2017.  *See Kiel v. United States*, 137 S. Ct. 650 (2017).  On July 7, 2017, Kiel filed a § 2255 motion in Docket No. 1:13-cr-51, asserting ineffective assistance of counsel and that the prosecution engaged in prejudicial misconduct.  The Court denied Kiel's § 2255 motion on August 16, 2018.  (*See* Order, ECF No. 200).  The Court noted that the § 2255 motion was equally applicable to Docket Nos. 1:14-cr-1 and 1:14-cr-42.

On June 9, 2021, under Docket No. 1:13-cr-51, Kiel filed his second [214] Motion to Vacate under 28 U.S.C. § 2255.[1]  He claims that the National Commission on Forensic Science has found that "DNA specialist expert [sic] can no longer use the term (to a reasonable degree of scientific certainty)" because the "term have [sic] no scientific meaning and may mislead fact finder about the level of objectivity involved in the analysis."  (Def.'s Mot., ECF No. 214).  Thus, according to Kiel,

---

[1] Kiel has filed duplicate motions to vacate under Docket Nos. 1:14-cr-1 and 1:14-cr-42.

because the Government's expert witness used the language of "to a reasonable degree of scientific certainty," this testimony is invalid. (*Id.*). Kiel cites no authority in support.

"A defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining [the Fifth Circuit's] authorization." *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (citing 28 U.S.C. § 2255(h)). Thus, district courts do not have jurisdiction to consider successive § 2255 motions unless the Fifth Circuit has authorized the successive motion. *See Hernandes*, 708 F.3d at 681. "If a second or successive section 2255 motion is filed in the district court before leave of [the Fifth Circuit] has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to [the Fifth Circuit]." *In re Hartzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). A "later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Kiel's claim in the current Motion could have been raised in his earlier § 2255 motion. Kiel asserts that the National Commission on Forensic Science stated its findings on March 22, 2016—ten months before Kiel filed his first § 2255 motion. (*See* Def.'s Mot., ECF No. 214). Nonetheless, Kiel has not obtained leave from the

Fifth Circuit to file the present Motion.  As a result, the Court finds that Kiel's Motion constitutes a successive § 2255 motion that should be dismissed for lack of jurisdiction.[2]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [214] Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed under Docket No. 1:13-cr-51 by defendant, Keith Anthony Kiel, is **DISMISSED** for lack of jurisdiction.  The Clerk of Court is directed to dismiss Kiel's duplicative [151] Motion under Docket No. 1:14-cr-1 and his [59] Motion under 1:14-cr-42.

**SO ORDERED AND ADJUDGED** this the 16th day of June, 2021.

s/ *Louis Guirola, Jr.*

Louis Guirola, Jr.
United States District Judge

---

[2] The Court further finds Kiel's § 2255 Motion should be dismissed as untimely.  *See* 28 U.S.C. § 2255(f).

4